Córdova Arone, Juez Ponente
*1018 TEXTO COMPLETO DE LA SENTENCIA
I
Mediante recurso de apelación se nos solicita que revoquemos una sentencia de 1 de abril de 1996 emitida por el Tribunal de Primera Instancia, Sub-sección de Distrito, Sala de Yauco. En el referido dictamen se declara sin lugar una demanda en daños y perjuicios por incumplimiento de contrato presentada por el Sr. Samuel Torres Irizarry y el Sr. Pedro Martínez Morales (en lo sucesivo los apelantes) contra el Departamento de Educación (en lo sucesivo el Departamento).
Luego de un análisis de la referida sentencia, de los escritos presentados por las partes y el derecho aplicable entendemos que procede confirmar la sentencia apelada.
II
Los hechos que dan base a la presentación del presente recurso son los siguientes:
El 27 de junio de 1994 el Departamento celebró una subasta para varias rutas de transporte dentro del Distrito Escolar de Guánica, Puerto Rico. En dicha subasta el Sr. Martínez Cedeño resultó ser el mejor postor. No obstante, debía obtener el permiso permanente de la Comisión de Servicio Público. El Sr. Martínez Cedeño no obtuvo el referido permiso en el término concedido, razón por la cual le fue revocada la adjudicación de la subasta.
Así las cosas, se le otorgó la subasta a los apelantes, quienes fueron los segundos mejores postores. El 22 de septiembre de 1994 los apelantes firmaron el contrato con el Departamento para el transporte de escolares por un término de 180 días, desde el 6 de septiembre de 1994 hasta el 27 de junio de 1995.
Sin embargo, el Sr. Martínez Cedeño acudió en revisión a la Junta de Revisión del ' Departamento de Educación (la Junta de Revisión). La Junta emitió su decisión donde, luego de revisar la adjudicación de la subasta, ordenó la cancelación de los contratos otorgados a los apelantes y que se le restituyera la buena pro al Sr. Martínez Cedeño.
De esta decisión los apelantes acudieron mediante recurso de revisión al entonces Tribunal Superior, Sala de Ponce. Dicho foro declaró sin lugar el recurso instado y confirmó la resolución de la Junta de Revisión.
El 6 de abril de 1995 los apelantes presentaron una demanda por incumplimiento de contrato contra el Departamento. Alegan, en síntesis, que debido a que el Departamento no notificó al Sr. Martínez Cedeño que se les había adjudicado la subasta a ellos, éste apeló y la Junta decidió en contra de los apelantes. De igual forma, alegan que por la omisión del Departamento ellos incurrieron en varios gastos, tales como: primas del Fondo, seguros de responsabilidad pública, fianza, entre otros. Apéndice de la apelación, a la pág. 39.
Luego de otros incidentes procesales, el 1 de abril de 1996 el tribunal apelado dictó sentencia, en donde declaró sin lugar la demanda instada, a la luz de la doctrina de rebus sic stantibus.
Es de esta sentencia que acuden los apelantes ante nos, señalando, en síntesis, que incidió el foro de instancia al aplicar la doctrina de rebus sic stantibus y al no conceder los daños solicitados por los apelantes y al determinar que la situación actual de los apelantes no fue ocasionada por los apelados.
*1019 Luego de examinar los argumentos de las partes, entendemos que procede confirmar la sentencia apelada, no obstante diferimos del foro apelado en cuanto a la aplicación de la doctrina de rebus sic stantibus a los hechos particulares del presente caso. Veamos.
III
A tenor con lo resuelto en el caso de Casera Foods v. E.L.A., 108 D.P.R. 850, 856 (1979), las condiciones que dan margen a la aplicación de la cláusula rebus sic stantibus son los siguientes:

"1. La fundamental de la imprevisibilidad que implica una cuestión de hecho dependiente de las condiciones que concurran en cada caso.

2. Que se produzca una dificultad extraordinaria, una agravación de las condiciones de la prestación, de manera que resulte mucho más onerosa para el deudor, sin llegar al grado extraordinario en que confundiría con la imposibilidad de la prestación, y que es también una cuestión de hecho sobre la que es difícil dar reglas de carácter general.

3. Que el riesgo no haya sido el motivo determinante del contrato, como sucedería en el caso de contrato aleatorio.

4.Que no exista acción dolosa en ninguna de las partes, ya que los efectos de los supuestos delitos y cuasi delitos están especialmente predeterminados en la ley.

5. Que el contrato sea de tracto sucesivo o esté referido a un momento futuro, de modo que tenga cierta duración, pues para los contratos de ejecución instantánea o aquellos que han sido ejecutados no existe el problema.

6. Que la alteración de las circunstancias sea posterior a la celebración del contrato (ya que así lo exige la misma naturaleza de acontecimiento imprevisible) y presente carácter de cierta permanencia (elemento que viene exigido también por el carácter extraordinario que se exige a la alteración).

7. Que exista petición de parte interesada." (Enfasis nuestro)
En el referido caso de Casera, supra, el Tribunal Supremo señaló además, que para que se pueda invocar la doctrina de rebus sic stantibus, es necesario que estén presentes todos los factores antes señalados. De igual forma, puntualizó que se trata de un remedio de excepción, para situaciones extraordinarias en que se impone un prudente y escrupuloso discernimiento judicial de moderación. x
En el presente caso no sólo no se cumple con el primero de los requisitos de la doctrina invocada sino que no estamos frente a una situación extraordinaria que amerite la aplicación de la doctrina rebus sic stantibus.
En primer lugar, la doctrina señala que es necesario como requisito fundamental la imprevisibilidad o evento imponderable.
La adjudicación de una subasta como parte de un proceso administrativo conlleva siempre la posibilidad de que el acto administrativo sea objeto de impugnación, tanto a nivel administrativo como a nivel judicial. Por consiguiente, tanto la Junta de Subasta como los apelantes debieron razonablemente prever una determinación contraria.
Obviamente, la Junta de Subastas debió haberse abstenido de formalizar los contratos con los apelantes hasta tanto la resolución donde se le denegaba la adjudicación al Sr. Martínez *1020 Cedeño no hubiese advenido final y firme. No obstante, tomamos conocimiento de que los contratos de los apelantes fueron otorgados el 2 de septiembre de 1994 y que los mismos comenzaron a regir el 6 de septiembre de 1994. En esta época es el inicio del curso escolar y la necesidad para transportar los estudiantes es urgente. Por lo que entendemos que esta fue la razón que llevó a la Junta de Subastas a formalizar los contratos con los apelantes.
Ahora bien, el 22 de septiembre de 1994 el Sr. Martínez Cedeño presentó su solicitud de revisión y los apelantes fueron debidamente notificados. Muestra de ello es que el 10 de octubre de 1994 éstos comparecieron a la vista administrativa que se llevó a cabo para discutir la referida solicitud.
Todo lo anterior demuestra, por un lado, que es imposible aplicar la cláusula ele rebus sic stantibus al presente caso y, por otro, que los apelantes claramente tenían conocimiento de lo que estaba aconteciendo con la solicitud de revisión del Sr. Martínez Cedeño.
IV
Por otro lado, sostienen los apelantes que erró el foro apelado al determinar que se le ordenó al Departamento dejar sin efecto los contratos de éstos.
Luego de evaluados todos los documentos anejados por las partes, coincidimos con la parte apelada en que la determinación de hecho cuestionada es el producto de la estipulación de hecho identificada con el inciso (f), contenida en el Memorando de Derecho de 22 de febrero de 1996. Apéndice de la apelación, a la pág. 45. Dicho inciso sostiene que:

"a)...

b)...

c)...

d)...

e)...'

f)/ Que el motivo de la cancelación de los contratos por parte del Departamento de Educación fue que el Sr. Nelson Martínez Cedeño, quien fue el primer postor en la subasta recurrió ante la Junta de Revisión del Departamento de Educación, quien luego de escuchar los planteamientos hechos por el entonces peticionario de que se le habían violentado sus derechos al no habérsele notificado de la adjudicación del contrato, ordenó la cancelación de los contratos y que se le restituyeran al Sr. Martínez Cedeño."
En la referida estipulación los apelantes reconocen la cancelación de los contratos y la restitución de los mismos al Sr. Cedeño. En ningún momento cuestionaron la validez de la estipulación antes transcrita.
En P.R. Glass Corp. v. Tribunal Superior, 103 D.P.R. 223, 231 (1975), el Tribunal Supremo define el alcance de la figura jurídica de las estipulaciones y sostiene que:

"La estipulación es una admisión judicial que implica un desistimiento formal de cualquier contención contraria a ella. Debe interpretarse liberalmente, de manera consistente con la intención dé las partes y el propósito de hacer justicia."

En ese sentido no incidió el foro apelado al determinar un hecho previamente estipulado por las partes. Por ende, entendemos innecesario hacer otros pronunciamientos.
*1021 y
En cuanto a la alegación de daños por incumplimiento de contrato concluimos que la misma es totalmente improcedente.
Como señalamos, si bien entre los apelantes y el Departamento se perfeccionaron unos contratos para la transportación de escolares el 6 de septiembre de 1994, los mismos fueron cancelados posteriormente. Ello por el hecho que la Junta de Revisión revisó la decisión de la Junta de Subastas y le adjudicó nuevamente la subasta al mejor postor que era el Sr. Martínez Cedeño.
De igual forma, señalamos que los apelantes siempre tuvieron conocimiento de lo que acontecía, incluso acudieron al tribunal a cuestionar la actuación de la Junta de Revisión.
Es menester señalar, que el fin perseguido, a tenor con la jurisprudencia puertorriqueña, en la otorgación y revisión de subastas, es que el estado obtenga el mejor contrato posible para el beneficio del pueblo y se evite el favoritismo, descuido, extravagancia y corrupción. C. Const. Corp. v. Municipio de Bayamón, 115 D.P.R. 559, 563 (1964).
En el caso ante nuestra consideración la Junta de Revisión y el tribunal revisaron la adjudicación de la subasta y concluyeron que la misma le correspondía al Sr. Martínez Cedeño, quien fue el mejor postor y no a los apelantes.
La actuación del Departamento de otorgarle los contratos a los apelantes fue una errónea. Sabido es que los errores de los organismos administrativos no obligan a ése, ni impiden su corrección. No se puede pretender pues, que una actuación administrativa de dudosa corrección impida a la agencia pertinente que se corrija optando por evitar su repetición. Del Rey v. J.A.C.L., 107 D.P.R. 348, 355 (1978).
Asimismo, podemos concluir que de los documentos anejados por los apelantes no surge evidencia del monto de los alegados daños sufridos. Si bien ellos incurrieron en ciertos gastos, tuvieron beneficios de los mismos, ya que desde el 6 de septiembre de 1994 hasta el 4 de noviembre de 1994 obtuvieron su remuneración y el Departamento no incumplió con sus obligaciones.
En virtud de lo anterior entendemos que si bien incidió el foro apelado al aplicar la doctrina de rebus sic stantibus, los demás errores no fueron cometidos. Dándose la revisión contra la sentencia y no contra sus fundamentos, por razones distintas a las aludidas por el Tribunal de Primera Instancia se confirma la sentencia apelada.
Por los fundamentos aquí esbozados se confirma la sentencia aquí apelada.
Lo acordó el Tribunal y lo certifica la señora Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General